# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULES J. GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEARRL G. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:06-cv-00360-OWW-DLB PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE ANY CLAIMS, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Jules J. Garcia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act) and 42 U.S.C. § 1983. Plaintiff filed this action on March 30, 2006.

Plaintiff is seeking money damages and unspecified injunctive relief against defendants Warden Derral G. Adams,[1] Captain Diaz, Lieutenant Vera, Sergeant Arnold, and Correctional Officer D. Yost for allegedly violating his federal rights. The events giving rise to plaintiff's claims allegedly occurred at the California State Prison-Corcoran, where plaintiff is presently incarcerated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Erroneously identified as Dearrl G. Adams in the complaint.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

1.   Rule 8(a)

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.

1  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of
2  every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the
3  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.
4       Plaintiff's complaint is not in compliance with Rule 8(a). It is plaintiff's duty to submit a
5  complaint that complies with Rule 8(a) by separately setting forth which legal claims plaintiff is
6  attempting to pursue. It is not the duty of the court to mine plaintiff's complaint and guess which
7  claims plaintiff is attempting to pursue. In drafting his amended complaint, plaintiff is warned that
8  the amended complaint must comply with Rule 8(a). Plaintiff should identify his legal claims,
9  clearly and briefly set forth the facts in support of his claims, and supply the facts necessary to link
10  the alleged violation of his rights to acts or omissions of the named defendants. However, plaintiff
11  should not argue and should not set forth a lengthy description of immaterial facts.
12      The court has read plaintiff's complaint and in the paragraphs that follow, the court will
13  address the claims it believes plaintiff is attempting to raise in this action. To the extent there are
14  claims plaintiff intended to raise but which are not addressed, plaintiff bears the burden of clarifying
15  his claims in his amended complaint.
16          2.    ADA Claim
17      Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis
18  of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no
19  qualified individual with a disability shall, by reason of such disability, be excluded from
20  participation in or be denied the benefits of the services, programs, or activities of a public entity,
21  or be subject to discrimination by such entity." 42 U.S.C. § 12132. "To establish a violation of Title
22  II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he]
23  was excluded from participation in or otherwise discriminated against with regard to a public entity's
24  services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his]
25  disability." Lovell, 303 F.3d at 1052.
26      The basis of plaintiff's ADA is defendants' alleged failure to accommodate his disability with
27  respect to a specific job position with a specific employee at the prison. Plaintiff has not alleged that
28  ///

he has been excluded from participation in any job at the prison or in any category of job. Rather, plaintiff asserts a right to demand placement in the job of his choosing.

Plaintiff's claim fails as a matter of law on two grounds. First, individual liability is precluded under Title II of the Americans with Disabilities Act. Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, *8 (E.D.Cal. Dec. 1, 2005). Second, Title II of the ADA does not apply to employment.[2] Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1178 (9th Cir. 1999). Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000). Accordingly, plaintiff fails to state a claim for relief. To the extent that plaintiff believes in good faith he has a cognizable ADA claim, plaintiff may attempt to cure these deficiencies in his amended complaint.

    3. Section 1983 Claims

     a. Inmate Appeals Process

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint

---

[2] Title I of the ADA applies to employment. However, plaintiff is a prisoner, not an employee. Murdock v. Washington, 193 F.3d 510, 512 (7th Cir. 1999)

4

is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff's complaint sets forth extensive factual allegations concerning his use of the inmate appeals process and the response to his appeals by various defendants. "[A prison] grievance procedure is a procedural right only, *it does not confer any substantive right upon the inmates*." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)) (emphasis added); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. Plaintiff's attempt to impose liability on defendants based on their involvement in responding to his appeals fails as a matter of law.

### b) Denial of Access to the Courts

Plaintiff alleges that his right of access to the courts was violated because he was afforded limited access to the law library and the library materials were deficient. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 at 351.

Although the court is mindful that the federal system is one of notice pleading, Fed. R. Civ. P. 8(a), plaintiff must allege some facts that would support a claim for relief under section 1983 for

5

denial of access to the courts. Plaintiff has not demonstrated that he has suffered any actual injury resulting from the conditions complained of. Accordingly, plaintiff fails to state a claim.

        c)  Conditions of Confinement

Plaintiff alleges that he was housed in a cell with unbearable living conditions. Plaintiff alleges that the cell was unclean, and had bad ventilation and no heat, and that rainwater entered the cell causing the bed to become wet.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

Plaintiff has not alleged any facts which would support a claim that one or more of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Setting forth general allegations concerning cell conditions is insufficient to support a claim for relief under section 1983 for violation of the Eighth Amendment. Plaintiff's

///

factual allegations must be sufficient to support a claim that one or more of the defendants acted with deliberate indifference with respect to the conditions of plaintiff's cell.

### d) Placement in Administrative Segregation

Plaintiff alleges that he was placed in administrative segregation, and was denied two eyewitnesses. Although plaintiff does not specify, it appears plaintiff may be attempting to pursue a due process claim.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68.

Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759, at *1 (9th Cir. Feb. 7, 2007). Plaintiff has alleged no facts supporting a claim that he has a liberty interest in avoiding confinement in administrative segregation. Because plaintiff has not established the existence of a protected liberty interest, plaintiff may not pursue a claim under section 1983 for denial of procedural due process.[3]

///

---

[3] In addition, even if plaintiff had alleged facts sufficient to support the finding of a protected liberty interest, plaintiff did not allege that he was deprived of any procedural protections due under federal law. With respect to placement in administrative segregation, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id.

          e)     Supervisory Liability

Finally, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff names the warden as a defendant. However, plaintiff has not alleged any facts linking the warden to a violation of his federal rights. In amending his complaint, plaintiff is directed to be mindful that the warden's position, without more, is an insufficient basis upon which to impose liability under section 1983.

C.     Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under the ADA or section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

///

1  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under the ADA or section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **February 21, 2007**                    /s/ **Dennis L. Beck**
3b142a                                            UNITED STATES MAGISTRATE JUDGE