# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULES J. GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEARRL G. ADAMS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:06-cv-00360-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

I.　Findings and Recommendations Following Screening of Amended Complaint

　　A.　Screening Requirement

Plaintiff Jules J. Garcia ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act), 29 U. S. C. § 794 (Rehabilitation Act), and 42 U.S.C. § 1983. Plaintiff filed this action on March 30, 2006. On February 21, 2007, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on March 28, 2007. Plaintiff is seeking money damages and unspecified injunctive relief against defendants Warden Derral G. Adams, Captain R. Diaz, Lieutenant P. D. Vera, Sergeant Arnold, and Correctional Officers D. Yost, R. Leater, and M. Leifer in their individual capacities, and against defendant Warden Ken Clark in his official and individual

capacities.[1] The events giving rise to plaintiff's claims allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff was incarcerated at the time.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is no longer housed at the prison at which his claims accrued. Accordingly, any claims for equitable relief are moot and this action should be treated as one seeking damages only.

B.    Plaintiff's Claims

    1.    ADA and RA Claims

Plaintiff alleges that he is an amputee with a spinal injury and was prohibited by defendants from participating in a work program because of his disability. Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Individual liability is precluded under the ADA and the RA. A. W. v. Jersey City Public Schools, 486 F.3d 791, 804 (3d 2007); Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d 2001); Parks v. California, No. CIV S-05-1397 LKK DAD P, 2006 WL 3097965, at *9 (E.D.Cal. Oct. 31, 2006); Roundtree v. Adams, No. 1:01-cv-06502 OWW LJO,

3

2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005); <u>Becker v. Oregon, ODOC</u>, 170 F.Supp.2d 1061, 1066-67 (D.Or. 2001). Plaintiff was previously informed of this preclusion. (Doc. 8.) Despite this admonition, plaintiff again attempts to pursue claims against the individual defendants named in his amended complaint based on their decisions not to allow him to participate in a work program. Plaintiff is precluded from pursuing individual liability claims against the prison employees named in his amended complaint, and the court recommends that his ADA and RA claims against them be dismissed, with prejudice.

      Defendant Clark is named as a defendant in his official, as well as individual, capacity. However, the amended complaint is devoid of any facts supporting a claim that defendant Clark, in his official capacity, violated plaintiff's rights under the ADA or the RA. Plaintiff's conclusory allegation that defendant Clark discriminated against him by not allowing him to participate in work incentive programs is insufficient. (Doc. 12, Amend. Comp., 9:22-25.) While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). The "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Id</u>. at 1965 (citations omitted). The court recommends dismissal of plaintiff's ADA and RA claims against defendant Clark in his official capacity, with prejudice.

      2.    <u>Section 1983 Claims</u>

          a.    <u>Eighth Amendment Claims</u>

    Plaintiff alleges in very conclusory language that he was subjected to "cruel corporal and unusual punishment in violation of the Eighth Amendment . . . due to bad living conditions . . . ." (Amend. Comp., 3:21-24.) Plaintiff subsequently alleges that defendants Yost and Leater subjected him to cruel and unusual punishment by falsifying time cards and other documents to remove him from his assignment; defendant Arnold subjected him to cruel and unusual punishment through force and fear; defendant Vera subjected him to cruel and unusual punishment by failing to protect him from endangerment due to force, harassment, and abuse;

defendant Diaz subjected him to cruel and unusual punishment by conspiring with defendant Arnold and acting out a threat of retaliation, taking improper disciplinary action, making plaintiff and his wheelchair disappear, placing plaintiff in an unlawful security environment, and interfering with plaintiff's access to the courts; defendant Adams subjected him to cruel and unusual punishment by conspiring with defendants Arnold and Diaz to threaten plaintiff and carry out the threats to discipline plaintiff and make plaintiff and his wheelchair disappear, and by failing to ensure plaintiff's safety; defendant Leifer subjected him to cruel and unusual punishment by falsifying regulations to deny plaintiff legal material, access to the law library, and priority legal user status, and by calling plaintiff a snitch to other inmates to prevent plaintiff from filing civil complaints or "complete habeas corpus . . . ;" and defendant Clark subjected him to cruel and unusual punishment by excluding plaintiff from work and incentive programs, denying plaintiff housing commensurate with his custody status, allowing improper disciplinary action to be taken against plaintiff, allowing plaintiff's legal property to be confiscated which led to plaintiff's conviction by a jury, and operating an inadequate appeals process. (Id., pgs. 6-10.)

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth

Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff has not alleged any facts which support a claim that he was subjected to conditions so grave that they rose to the level of an Eighth Amendment violation. Further, there are no factual allegations which would support a claim that one or more of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff's amended complaint fails to state any claims for violation of the Eighth Amendment, and the court recommends dismissal of the claims, with prejudice.

Plaintiff mentions denial of access to the courts in the context of describing his Eighth Amendment claims. Plaintiff fails to allege a legal claim for denial of access to the courts, despite the court's previous order requiring that he identify his legal claims. (Doc 8; Amend. Comp., pg. 3.) However, to the extent that plaintiff's amended complaint can be construed as raising such a claim, the claim is not cognizable.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and

civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 at 351. Plaintiff has not alleged any facts supporting a claim that he suffered an actual injury as the result of one or more of the defendants' action or omissions, with the exception of his criminal conviction by a jury. Plaintiff may not pursue a claim in this action based on an allegedly unlawful conviction caused by the denial of access to the courts. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Plaintiff's sole remedy for an allegedly unconstitutional conviction and/or sentence lies via a petition for writ of habeas corpus, not a civil rights action for damages. Id.

Finally, plaintiff alleges in part that defendant Leifer denied him the right to file civil complaints or "complete habeas corpus" by labeling him a snitch, that he had court deadlines of October 2, 2006, and February 21, 2007, and that defendant discriminated against and abused him from September 27, 2006, through March 26, 2007. In addition to the fact that these allegations do not support a cognizable access to the courts claim, plaintiff is precluded from adding new claims to this action by 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), plaintiff may not add new claims that arose after this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing plaintiff to pursue new claims added since this action was filed would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201. Accordingly, in addition to failing to state a claim, plaintiff is barred from raising his access to the courts claim against defendant Leifer in this action.

### C. Conclusion

Plaintiff's amended complaint does not state any claims upon which relief may be granted under the ADA, the RA, or section 1983. Plaintiff was previously provided with the opportunity to file an amended complaint curing the deficiencies identified by the court. However, plaintiff failed to do so. Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

///
///
///
///

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 30, 2007**               /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE